4407-001

DEORCHIS, WIENER AND PARTNERS, LLP
61 Broadway, 26th Floor
New York, New York  10006
(212) 344-4700

Attorneys for Plaintiff
INDO TRADE CORP. LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

INDO TRADE CORP. LTD.,

                     Plaintiff,

       -against-

HANOVER COMPANY STORE, LCC,
DOMESTICATIONS, LLC,
HANOVER DIRECT, INC.,
WAYNE GARTEN, and
STUART FELDMAN,

                     Defendants.
------------------------------------------------------------X

**07 CIV 6313**

**Judge Hellerstein**

**COMPLAINT**



    Plaintiff, INDO TRADE CORP. LTD, (hereinafter, "ITC" ) by and through its attorneys, DeOrchis, Wiener and Partners, LLP., as and for its Complaint against HANOVER COMPANY STORE, LCC, (hereinafter, "THE COMPANY STORE"), DOMESTICATIONS, LLC (hereinafter "DOMESTICATIONS"), HANOVER DIRECT, INC. (hereinafter "HANOVER"), WAYNE GARTEN (hereinafter, "GARTEN"), and STUART FELDMAN, (hereinafter, "FELDMAN" ) alleges upon information and belief that:

## JURISDICTION AND VENUE

    1.    The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states and citizens of a foreign state.  There is

also pendant's ancillary and supplemental jurisdiction as to certain aspects of the claim in suit.

2. Venue in this district is properly based on 28 U.S.C. §1391(c). Further, venue is also proper pursuant to the contractual agreement of the parties to venue in federal courts of the State of New York.

## PARTIES

3. ITC is a limited liability company formed and existing under the laws of Hong Kong, with its registered office at 10A, Seapower Industrial Centre, 177 Hoi Bun Road, Kwun Tong, Kowloon, Hong Kong.

4. The Company Store is a Delaware limited liability company with an office at 1500 Harbor Blvd., Weehawken, New Jersey 07086.

5. Domestications is a Delaware limited liability company with an office at 1500 Harbor Blvd., Weehawken, New Jersey 07086.

6. Hanover is a Delaware corporation with an office at 1500 Harbor Blvd., Weehawken, New Jersey 07086.

7. Garten is an individual with a principle place of business at 1500 Harbor Blvd., Weehawken, New Jersey 07086.

8. Feldman is an individual residing at 111 West 67th Street, Apt. 37E, New York, New York, 10023.

## FIRST CAUSE OF ACTION

(Breach of Contract by The Company Store)

9. On June 15, 2004, The Company Store entered into a contract with ITC, a copy of which is attached hereto as Exhibit A, appointing ITC as a buying agent on behalf of The Company Store in India and China.

10. The initial term of contract was one (1) year and provided for an automatic renewal for successive one year periods unless either of the parties terminated the contract sooner by advance ninety (90) day written notice.

11. ITC satisfactorily completed performance of its part of the agreement, having provided services as a buying agent as agreed.

12. By a letter dated September 15, 2006, Hanover summarily terminated the Company Store's agreement with ITC. Exhibit B.

13. The Company Store materially breached its agreement with ITC by failing to give ITC the required ninety (90) day written notice of termination.

14. By reason of the foregoing breach, ITC was damaged to the extent of commissions it would have earned had it been provided with the ninety (90) day written agreed notice of termination, in the amount to be determined at trial.

## SECOND CAUSE OF ACTION

(Breach of Contract by The Company Store)

15. ITC repeats and realleges the allegations of paragraph "1" through "14", as if fully set forth herein at length.

16. On June 15, 2004, The Company Store entered into a contract with ITC, a copy of which is attached hereto as Exhibit A, appointing ITC as a buying agent on behalf of The Company Store in India and China.

17. ITC satisfactorily completed performance of its part of the agreement, having provided services as a buying agent as agreed.

18. The Company Store accepted the services, but has failed and refused, and continues to fail and refuse, to tender the balance due that has accrued for services of a buying

agent provided to The Company Store by ITC, totaling $141,090.40.

19.  The Company Store's account is delinquent beyond ninety (90) days.

20.  The Company Store has failed to perform its obligations under the contract as described above, and has materially breached the same.

21.  Due to The Company Store's failure to perform, ITC has suffered damages in the amount of $141,090.40, together with interest, costs, disbursements, reasonable attorney's fees and liquidated damages.

## THIRD CAUSE OF ACTION

(Account Stated by The Company Store)

22.  ITC repeats and realleges the allegations of paragraph "1" through "21", as if fully set forth herein at length.

23.  In the ordinary course of business, ITC rendered and sent to The Company Store invoices for each buying agency transaction performed by ITC for the account of The Company Store. Said invoices detailed the balance that The Company Store owed to ITC.

24.  The Company Store retained the invoices without objection for a reasonable time.

25.  The Company Store accepted the services, but have failed and refused, and continues to fail and refuse, to tender the balance due that has accrued for the buying agency services provided to The Company Store by ITC, totaling $141,090.40, as required pursuant to the contract between the parties.

26.  The Company Store's account is delinquent beyond ninety (90) days.

27.  The Company Store has failed to perform its obligations under the contracts as described above, and has materially breached the same in $141,090.40.

## FOURTH CAUSE OF ACTION

### (Breach of Contract by Domestications)

28.  ITC repeats and realleges the allegations of paragraph "1" through "27", as if fully set forth herein at length.

29.  On June 15, 2004, Domestications entered into a contract with ITC, a copy of which is attached hereto as Exhibit C, appointing ITC as a buying agent on behalf of Domestications in India and China.

30.  The initial term of contract was one (1) year and provided for an automatic renewal for successive one year periods unless either of the parties terminated the contract by advance ninety (90) day written notice.

31.  ITC satisfactorily completed performance of its part of the agreement, having provided services as a buying agent as agreed.

32.  By a letter dated September 15, 2006, Hanover summarily terminated Domestications' agreement with ITC. Exhibit B.

33.  Domestications materially breached its agreement with ITC by failing to give ITC the required ninety (90) day written notice of termination.

34.  By reason of the foregoing breach, ITC was damaged to the extent of commissions it would have earned during the 90 day termination period it would have received had it been provided with agreed notice of termination in the amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### (Breach of Contract by Domestications)

35.  ITC repeats and realleges the allegations of paragraph "1" through "34", as if fully set forth herein at length.

36. On June 15, 2004, Domestications entered into a contract with ITC, a copy of which is attached hereto as Exhibit C, appoint ITC as a buying agent on behalf of Domestications in India and China.

37. ITC satisfactorily completed performance of its part of the agreement, having provided services as a buying agent as agreed.

38. Domestications accepted the services, but has failed and refused, and continues to fail and refuse, to tender the balance due that has accrued for services of a buying agent provided to Domestications by ITC, totaling $30,023.80, as required pursuant to the contracts between the parties.

39. Domestications' account is delinquent beyond ninety (90) days.

40. Domestications has failed to perform its obligations under the contract as described above, and has materially breached the same.

41. Due to Domestications' failure to perform, ITC has suffered damages in the amount of $30,023.80, together with interest, costs, disbursements, reasonable attorney's fees and liquidated damages.

## SIXTH CAUSE OF ACTION

(Account Stated by Domestications)

42. ITC repeats and realleges the allegations of paragraph "1" through "41", as if fully set forth herein at length.

43. In the ordinary course of business, ITC rendered and sent to Domestications invoices for each buying agency transaction performed by ITC for the account of Domestications. Said invoices detailed the balance that Domestications owed to ITC.

44. Domestications retained the invoices without objection for a reasonable time.

45. Domestications accepted the services, but have failed and refused, and continues to fail and refuse, to tender the balance due that has accrued for the buying agency services provided to Domestications by ITC, totaling $30,023.80, as required pursuant to the contract between the parties.

46. Domestications' account is delinquent beyond ninety (90) days.

47. Domestications has failed to perform its obligations under the contracts as described above, and has materially breached the same in $30,023.80.

## SEVENTH CAUSE OF ACTION

(Unjust Enrichment by The Company Store)

48. ITC repeats and realleges the allegations of paragraph "1" through "47", as if fully set forth herein at length.

49. ITC provided services to The Company Store based upon The Company Store's promise to pay for the same.

50. The Company Store received the benefit of the services provided by ITC.

51. The Company Store has not paid ITC for the services provided.

52. Accordingly, The Company Store has been unjustly enriched at the expense of ITC and The Company Store should be required to pay ITC the reasonable value of the amount that The Company Store was unjustly enriched, together with interest, costs, disbursements, reasonable attorney's fees and liquidated damages.

## EIGHTH CAUSE OF ACTION

(Unjust Enrichment by Domestications)

53. ITC repeats and realleges the allegations of paragraph "1" through "52", as if fully set forth herein at length.

54. ITC provided services to Domestications based upon Domestications' promise to pay for the same.

55. Domestications received the benefit of the services provided by ITC.

56. Domestications has not paid ITC for the services provided.

57. Accordingly, Domestications has been unjustly enriched at the expense of ITC and Domestications should be required to pay ITC the reasonable value of the amount that Domestications was unjustly enriched, together with interest, costs, disbursements, reasonable attorney's fees and liquidated damages.

## NINTH CAUSE OF ACTION

### (Quantum Meruit by The Company Store)

58. ITC repeats and realleges the allegations of paragraph "1" through "57", as if fully set forth herein at length.

59. ITC provided valuable services to The Company Store based upon The Company Store's promise to pay for the same.

60. The Company Store accepted and benefited from the services provided to The Company Store by ITC.

61. The Company Store knew that ITC expected to be paid for such services.

62. Notwithstanding the foregoing, The Company Store has failed, and continues to refuse and fail, to pay ITC for the valuable services provided to and accepted by The Company Store.

63. Accordingly, ITC has suffered damages and The Company Store should be required to pay ITC the reasonable value of the services that it provided to The Company Store, together with interest, costs, disbursements, reasonable attorney's fees and liquidated

damages.

## TENTH CAUSE OF ACTION

### (Quantum Meruit by Domestications)

64. ITC repeats and realleges the allegations of paragraph "1" through "63", as if fully set forth herein at length.

65. ITC provided valuable services to Domestications based upon Domestications' promise to pay for the same.

66. Domestications accepted and benefited from the services provided to Domestications by ITC.

67. Domestications knew that ITC expected to be paid for such services.

68. Notwithstanding the foregoing, Domestications has failed, and continues to refuse and fail, to pay ITC for the valuable services provided to and accepted by Domestications.

69. Accordingly, ITC has suffered damages and Domestications should be required to pay ITC the reasonable value of the services that it provided to Domestications, together with interest, costs, disbursements, reasonable attorney's fees and liquidated damages.

## ELEVENTH CAUSE OF ACTION

### (Tortious Interference with Contract by Garten)

70. ITC repeats and realleges the allegations of paragraph "1" through "69", as if fully set forth herein at length.

71. On June 15, 2004, ITC and The Company Store and Domestications entered into contracts attached hereto as Exhibits A and C under which The Company Store and Domestications promised to import certain merchandise into the United States and ITC agreed

to act as a buying agent for The Company Store and Domestications in India and China for the purchase of the merchandise.

72. On April 16, 2007, representatives of ITC met with Wayne Garten, the President and Chief Executive Officer of Hanover, who advised them that The Company Store and Domestications would not pay the invoices due and owing to ITC.

73. Upon information and belief, Garten is an officer or shareholder or a member of the board of The Company Store and Domestications.

74. Upon information and belief, Garten had actual knowledge of the existence of the contracts attached hereto as Exhibits A and C.

75. Upon information and belief, Garten intentionally, knowingly, and without reasonable justification or excuse, tampered and interfered with the contractual relationship between ITC and The Company Store and Domestications, and induced The Company Store and Domestications to breach their contracts with ITC.

76. By reason of the fact that defendants, The Company Store and Domestications, were induced to violate, repudiate and breach their agreement with ITC, ITC was damaged to the extent of commissions it would have earned during the 90 day termination period, which is the compensation which the ITC would have realized under the agreements if the agreements had not been violated, repudiated, and breached by defendants The Company Store and Domestications and the fees for the services of the buying agent continued to accrue had ITC been provided with agreed notice of termination in the amount to be determined at trial.

77. By reason of the foregoing, ITC demands exemplary and punitive damages against Garten to be determined at trial.

## TWELFTH CAUSE OF ACTION

(Tortious Interference with Contract by Feldman)

78. ITC repeats and realleges the allegations of paragraph "1" through "77", as if fully set forth herein at length.

79. On June 15, 2004, ITC and The Company Store and Domestications entered into contracts attached hereto as Exhibits A and C under which The Company Store and Domestications promised to import certain merchandise into the United States and ITC agreed to act as a buying agent for The Company Store and Domestications in India and China for the purchase of the merchandise.

80. On April 16, 2007, representatives of ITC met with Wayne Garten, the President or Chief Executive Officer of The Company Store and Domestications.

81. Upon information and belief, on or before the meeting on April 16, 2007, Feldman directed Garten to instruct ITC that The Company Store and Domestications would not pay the invoices due and owing to ITC.

82. Upon information and belief, Feldman is an officer or shareholder or a member of the board of The Company Store and Domestications.

83. Upon information and belief, Feldman had actual knowledge of the existence of the contracts attached hereto as Exhibits A and C.

84. Upon information and belief, Feldman intentionally, knowingly, and without reasonable justification or excuse, tampered and interfered with the contractual relationship between ITC and The Company Store and Domestications, and induced The Company Store and Domestications to breach their contracts with ITC.

85. By reason of the fact that the defendants The Company Store and

11

Domestications were induced to violate, repudiate and breach their agreement with ITC, ITC was damaged to the extent of commissions it would have earned during the 90 day termination period, which is the compensation which the ITC would have realized under the agreements if the agreements had not been violated, repudiated, and breached by the defendants The Company Store and Domestications and the fees for the services of the buying agent continued to accrue had ITC been provided with agreed notice of termination in the amount to be determined at trial.

86. By reason of the foregoing, ITC demands exemplary and punitive damages against Feldman to be determined at trial.

## THIRTEENTH CAUSE OF ACTION

### (Breach of Contract by Hanover)

87. ITC repeats and realleges the allegations of paragraph "1" through "86", as if fully set forth herein at length.

88. Hanover maintains its principal place of business at the same address as The Company Store and Domestications, at 1500 Harbor Blvd., Weehawken, New Jersey 07086.

89. Upon information and belief, some or all officers or shareholders or members of the board of directors of Hanover are also the officers or shareholders or members of the board of directors of The Company Store and Domestications.

90. Upon information and belief, Hanover's domination over The Company Store and Domestications is so complete and interference so obtrusive that The Company Store and Domestications are, in fact, agents of Hanover. The Company Store and Domestications are so completely dominated by Hanover that they have no separate mind, existence, or will of their own.

91. Upon information and belief, Hanover is actually carrying on the business of The Company Store and Domestications.

92. Upon information and belief, Hanover had actual knowledge of the existence of the contracts attached hereto as Exhibits A and C.

93. On June 15, 2004, Hanover, through its agents The Company Store and Domestications entered into a contract with ITC, a copy of which is attached hereto as Exhibit A, appointing ITC as a buying agent in India and China.

94. The initial term of the contracts was one (1) year and provided for an automatic renewal for successive one year periods unless either of the parties terminated the contracts by advance ninety (90) day written notice.

95. ITC satisfactorily completed performance of its part of the agreements, having provided services as a buying agent as agreed.

96. By a letter dated September 15, 2006, Hanover summarily terminated its agreement with ITC.

97. Hanover materially breached its agreement with ITC by failing to give ITC the required ninety (90) day written notice of termination.

98. By reason of the foregoing breach, ITC was damaged to the extent of commissions it would have earned during the 90 day termination period it would have received had it been provided with agreed notice of termination in the amount to be determined at trial.

## FOURTEENTH CAUSE OF ACTION

(Unjust Enrichment by Hanover)

99. ITC repeats and realleges the allegations of paragraph "1" through "98", as if fully set forth herein at length.

100. ITC provided services to Hanover based upon Hanover's promise to pay for the same.

101. Hanover received the benefit of the services provided by ITC.

102. Hanover has not paid ITC for the services provided.

103. Accordingly, Hanover has been unjustly enriched at the expense of ITC and Hanover should be required to pay ITC the reasonable value of the amount that Hanover was unjustly enriched, together with interest, costs, disbursements, reasonable attorney's fees and liquidated damages.

## FIFTEENTH CAUSE OF ACTION

### (Quantum Meruit by Hanover)

104. ITC repeats and realleges the allegations of paragraph "1" through "103", as if fully set forth herein at length.

105. ITC provided valuable services to Hanover based upon Hanover's promise to pay for the same.

106. Hanover accepted and benefited from the services provided to Hanover by ITC.

107. Hanover knew that ITC expected to be paid for such services.

108. Notwithstanding the foregoing, Hanover has failed, and continues to refuse and fail, to pay ITC for the valuable services provided to and accepted by Hanover.

109. Accordingly, ITC has suffered damages and Hanover should be required to pay ITC the reasonable value of the services that it provided to Hanover, together with interest, costs, disbursements, reasonable attorney's fees and liquidated damages.

WHEREFORE, ITC demands judgment against The Company Store, Domestications, Hanover, Garten, and Feldman as follows:

(a) On its First Cause of Action against The Company Store in the amount to be determined at trial;

(b) On its Second Cause of Action against The Company Store in the amount of $141,090.40;

(c) On its Third Cause of Action against The Company Store in the amount of $141,090.40;

(d) On its Fourth Cause of Action against Domestications in the amount to be determined at trial;

(e) On its Fifth Cause of Action against Domestications in the amount of $30,023.80;

(f) On its Sixth Cause of Action against Domestications in the amount of $30,023.80;

(g) On its Seventh Cause of Action against The Company Store in the amount to be determined at trial;

(h) On its Eighth Cause of Action against Domestications in the amount to be determined at trial;

(i) On its Ninth Cause of Action against The Company Store in the amount to be determined at trial;

(j) On its Tenth Cause of Action against Domestications in the amount to be determined at trial;

(k) On the Eleventh Cause of Action against Garten in the amount to be determined at trial;

(l) On the Twelfth Cause of Action against Feldman in the amount to be determined

at trial;

(m) On the Thirteenth Cause of Action against Hanover in the amount to be determined at trial;

(n) On the Fourteenth Cause of Action against Hanover in the amount to be determined at trial;

(o) On the Fifteenth Cause of Action against Hanover in the amount to be determined at trial;

(p) On all Causes of Action, interest, costs, disbursements, reasonable attorney's fees and liquidated damages, and;

(q) On all Causes of Action, such other and further relief that this Court may deem just and proper.

Dated: New York, New York
July 10, 2007

DeORCHIS, WIENER & PARTNERS, LLP
Attorneys for Plaintiff
INDO TRADE CORP. LTD.

By: _____
RICHARD L. FURMAN (RF-0250)
61 Broadway, 26th Floor
New York, New York 10006
(212) 344-4700
File no.: 4407-001

W:\4407-001\Legal\complaint 071007.rlf.doc-npo